**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

JESSALYN ROSE,

                              Plaintiff,                    1:24-cv-1040
                                                                    (ECC/DJS)
v.

ALBANY MEDICAL CENTER, ALBANY
MED HEALTH SYSTEM, and NEW YORK
STATE DEPARTMENT OF HEALTH,

                              Defendants.

─────────────────────────────────

Patricia Finn, Esq., *for Plaintiff*
Robert F. Manfredo, Esq., *for Albany Med Defendants*
Kaitlin Vigars, Ass't Att'y General, *for Defendant New York State Department of Health*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff Jessalyn Rose brought this diversity action against Albany Medical Center, Albany Med Health System (together Albany Med), and the New York State Department of Health (NYSDH) alleging claims under New York State Human Rights Law (NYSHRL), N.Y. Exec. L. §§ 290 *et seq.* Presently before the Court are Albany Med's motion to dismiss for failure to state a claim, Dkt. No. 12, and NYSDH's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, Dkt. No. 13. Both motions are fully briefed. Dkt. Nos. 12-4, 13-10, 20, 22, 23. For the following reasons, Albany Med's motion is granted and NYSDH's motion to dismiss for lack of subject matter jurisdiction is granted.

## I.    FACTS[1]

Plaintiff, a citizen of Florida, Complaint (Compl.) ¶ 12, Dkt. No. 1, was a registered nurse at Albany Med from 2011 through October 1, 2021, *id.* at ¶¶ 18, 24, when Albany Med implemented a mandatory Corona Virus Disease 2019 (Covid) vaccination policy, *id.* at ¶ 29. In anticipation of this policy, Plaintiff asked for an exception to the vaccination mandate because she was lactating. *Id.* at ¶¶ 30–33. Albany Med denied Plaintiff's request, stating that the "[NYSDH] will not accept a Covid-19 Vaccine deferral for pregnancy and/or lactation." *Id.* at ¶ 36. This "forced plaintiff to leave her job," as "under no circumstances would Plaintiff's disability allow her to get a Covid vaccine*." Id.* at ¶ 49.

## II.    LEGAL STANDARD

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. N.Y. State Ct. of Appeals*, No. 21-cv-49 (MAD/CFH), 2021 WL 5040236, at *3 (N.D.N.Y. Oct. 29, 2021) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 297–98 (N.D.N.Y. 2019) (cleaned up). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true[] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir.

---

[1] These facts are drawn from the Complaint. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of N.Y.*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2014) (citation omitted).  A court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record."  *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140 (LEK/TWD), 2021 WL 2142924, at *2 (N.D.N.Y. May 26, 2021) (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc*., 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of N.Y.*, No. 16-cv-4240, 2017 WL 4250513, at *2 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555).  A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See EEOC v. Port Auth*., 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    DISCUSSION

### A.    NYSDH's Motion to Dismiss for Lack of Jurisdiction

NYSDH argues that the Court does not have subject matter jurisdiction because Plaintiff's claims are barred by sovereign immunity.  NYSDH Memorandum of Law at 11–15, Dkt. 13–10.[2] Plaintiff responds that NYSDH does not have sovereign immunity because (1) state officials acted

---

[2] Unless otherwise noted, citations to page numbers refer to pagination generated by ECF system.

beyond their lawful authority, and the *Ex Parte Young* doctrine therefore applies and (2) NYSDH "impliedly waived immunity" to NYSHRL claims.  Plaintiff's Memorandum of Law (Pl. Mem.) at 16–18, Dkt. No. 20.  NYSDH replies that it is well established that NYSHRL did not waive sovereign immunity and that the *Ex Parte Young* doctrine does not apply because Plaintiff did not name any state official as an official capacity defendant, allege any ongoing violation of federal law, or seek prospective injunctive relief.  NYSDH Reply Memorandum of Law at 3–8, Dkt. No. 22.

"Without a State's express waiver or an act by Congress under Section 5 of the Fourteenth Amendment, the Eleventh Amendment bars federal courts from adjudicating claims against a State, as well as its agencies and agents." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)).  The "only exception exists for claims for prospective relief against state officials in their official capacities." *Id.* (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)).   This exception, created in *Ex Parte Young*, applies only where "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (cleaned up).  A declaratory judgment that a repealed law was invalid is not prospective relief.  *See Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) (holding that declaratory judgement against a state is "unavailable in federal court because there is no 'claimed continuing violation of federal law' or 'threat of state officials violating [a] repealed law in the future'") (quoting *Green v. Mansour*, 474 U.S. 64, 73 (1985)).

A plaintiff must also "name as defendant a state official rather than the state or a state agency." *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991).  If a state litigant is entitled to sovereign immunity, then a court lacks jurisdiction over it.  *See Close v. State*

*of N.Y.*, 125 F.3d 31, 34, 39 (2d Cir. 1997) (affirming dismissal for lack of subject matter jurisdiction and noting that state sovereign immunity "protects States from suits by its citizens in federal court" and "is concerned with judicial authority and limits the power of Article III courts").

New York has not waived its sovereign immunity from NYSHRL suits in federal court. *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 220 (N.D.N.Y. 2014); *Serrano v. N.Y. State Dep't of Env't Conservation,* No. 12-cv-1592 (MAD/CFH), 2013 WL 6816787, at *14 (N.D.N.Y. Dec. 20, 2013); *Smith v. State Univ. of N.Y.*, No. 00–cv-1454 (FJS/RFT), 2003 WL 1937208, at *7 (N.D.N.Y. Apr. 23, 2003) ("the district courts in this Circuit have repeatedly held that the New York Human Rights Law does not include a waiver of the State's sovereign immunity to suit in federal court") (quotations omitted)).

NYSDH is a New York State agency and is therefore entitled to sovereign immunity.  In addition, New York State has not waived sovereign immunity for NYHRL claims.  *See, e.g., Jackson*, 63 F. Supp. 3d at 220.  Furthermore, Plaintiff's claims do not fall within the *Ex Parte Young* exception because she does not seek prospective relief, and she did not name an individual state defendant acting in his or her official capacity.  NYSDH's motion to dismiss for lack of subject matter jurisdiction is therefore granted.  Because the Court lacks subject matter jurisdiction, it does not address NYSDH's argument that Plaintiff failed to state a claim.

B.    **Albany Med's Motion to Dismiss for Failure to State a Claim**

Plaintiff alleges five "causes of action" against Albany Med for (1) "Disability Discrimination" in violation of NYSHRL, (2)  "Failure to Accommodate" in violation of the NYSHRL, (3) "Attorney's Fees, Costs, and Expert Fees," (4) "Punitive Damages," and (5) "Emotional Pain and Suffering."  Compl. ¶¶ 44–108.  Albany moves to dismiss Plaintiff's claims because Plaintiff did not allege (1) a disability discrimination claim because, among other reasons, she was not qualified for her position without a Covid vaccination, and (2) a failure-to-

accommodate claim because, among other reasons, any accommodation or exemption would have required Albany Med to violate New York law and would have imposed an undue hardship on Albany Med.  Albany Med Memorandum of Law (Albany Med. Mem.) at 15–16, 18–22, Dkt. No. 12-4.  Albany Med also argues that Plaintiff's "causes of action" for damages should be dismissed because they rely on her substantive claims under NYSHRL.[3]  Albany Med Mem. at 25.  Plaintiff does not address the argument that she was unqualified, but she takes the position that an accommodation would not have imposed an undue hardship on Albany Med and that her complaint adequately supports her claims for damages.  Pl. Mem. at 12–15, 24–25.

In 2021, New York regulations stated that covered entities, including hospitals "shall continuously require personnel to be fully vaccinated against [Covid]," including "nursing staff . . . who engage in activities such that if they were infected with [Covid] . . . could potentially expose other . . . personnel, patients or residents to the disease."  N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61 (2021).  The law allowed for exemptions where "any licensed physician or certified nurse practitioner certified that immunization . . . is detrimental to the health of [the personnel], based upon a pre-existing health condition," but the exemption had to be "in accordance with generally accepted medical standards."   NYSDH issued guidance stating that Covid vaccines should be offered to pregnant and lactating women under generally accepted medical standards.  Dkt. No. 12-2.  The guidance also included a list of conditions that were considered valid grounds for an exemption; lactation was not on that list.  Dkt. No. 12-3.[4]

---

[3] Albany Med does not explicitly address Plaintiff's third cause of action, but these arguments apply to it with equal force.

[4] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint"  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  This is true even "[w]here a document is not incorporated by reference," so long as "the complaint relies heavily upon its terms and effect, thereby rendering

To establish a claim for disability discrimination under NYSHRL, a plaintiff must show that "(1) the defendant is a covered employer; (2) the plaintiff suffered from, or was regarded as suffering from, a disability within the meaning of the statute; (3) the plaintiff was qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (4) she suffered an adverse employment action because of her disability or perceived disability." *Crosby v. Stew Leonard's Yonkers LLC*, 695 F. Supp. 3d 551, 566–67 (S.D.N.Y. 2023) (quotations omitted).  In 2021, vaccination was "a condition of employment in the healthcare field." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021).

A failure to accommodate claim under NYSHRL requires a plaintiff to show that: (1) the employee "is a person with a disability under the meaning of the NYSHRL; (2) an employer covered by the statute had notice of her disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make accommodations." *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (cleaned up).   "The Second Circuit has provided that dismissal of an employee's [failure to accommodate] claim because of undue hardship is appropriate where, in granting the employee's accommodation request, the employer would be required to violate state or federal law.'" *Tandian v. State Univ. of N.Y.,* 698 F. Supp. 3d 425, 441 (N.D.N.Y. 2023), *appeal dismissed* (2d Cir. May 9, 2024) (quotations omitted); *see Lowman v. NVI LLC*, 821 F. App'x 29, 32 (2d Cir. 2020) (affirming that it would be an undue hardship for an employer to depart from a policy mandated

---

the document integral to the complaint."  *Id.* (quotations omitted).  However, there must be no dispute "regarding the authenticity or accuracy of the document."  *Id.* (quotations omitted).  Here, Plaintiff refers to NYSDH's guidance in her complaint, does not challenge its authenticity or accuracy, and cites to it.  Pl. Mem. at 14–15.  The Court therefore relies on these exhibits to analyze the motion to dismiss.

by law).[5]

"Under New York law, a demand for punitive damages does not amount to a separate cause of action for pleading purposes." *Denny v. Ford Motor Co.*, 959 F. Supp. 2d 262, 275 (N.D.N.Y. 2013) (quotation omitted). A separate demand for damages "possesses no viability absent its attachment to a substantive cause of action." *Id.* (quotation omitted); *see Rocanova v. Equitable Life Assurance Soc'y of the U.S.,* 83 N.Y.2d 603, 616 (1994)).

Here, the Complaint does not state a claim for disability discrimination under NYSHRL, because as a matter of law, Plaintiff was not qualified to perform the essential functions of her job as a nurse in 2021 unless she had been vaccinated or exempted. *See Tandian*, 698 F. Supp. 3d at 439. Plaintiff alleges that she was not vaccinated, would not be vaccinated, and had not been granted an exemption. Compl. ¶¶ 36, 49.

The Complaint also does not state a failure to accommodate claim. Any accommodation allowing Plaintiff to continue to work as a nurse would have required Albany Med to violate New York law because lactation was not an enumerated exemption, and any accommodation requiring Albany Med to violate state law would have imposed an undue hardship. Plaintiff's first two causes of action are therefore dismissed.

Finally, given that Plaintiff's substantive claims are dismissed, the damages "claims" are also dismissed.

## IV.    LEAVE TO AMEND

For the reasons above, Plaintiff's Complaint is dismissed in its entirety. With respect to Defendant NYSDH, as a general rule, a dismissal for lack of subject-matter jurisdiction must be

---

[5] Courts analyze NYSHRL claims under the same framework as Americans with Disabilities Act claims, except that NYSHRL has a broader definition of disability. *See Crosby*, 695 F. Supp. 3d at 567 n.6.

without prejudice. *See, e.g., Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice."); *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("When subject matter jurisdiction is lacking, the district court lacks the power to adjudicate the merits of the case, and accordingly Article III deprives federal courts of the power to dismiss the case with prejudice.") (internal quotation marks omitted).

"It appears to still remain an "open question" in the Supreme Court and the Second Circuit whether a dismissal for sovereign immunity is for one failure to state a claim (under Fed. R. Civ. P. 12(b)(6)) or one for lack of subject-matter jurisdiction (under Fed. R. Civ. P. 12(b)(1))." *Canfield v. New York*, No. 6:24-cv-1357 (GTS/TWD), 2025 WL 1288747, at *2 (N.D.N.Y. May 5, 2025) (cleaned up). However, the Second Circuit has routinely affirmed such dismissals based on a lack of subject-matter jurisdiction,[6] and recently reaffirmed this practice (in a Summary Order), reversing a dismissal with prejudice based on the doctrine of sovereign immunity because the dismissal should have been without prejudice. *See Karupaiyan v. New York*, No. 23-1257, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024) ("[B]ecause the district court lacked jurisdiction over the claims against the State of New York, it was erroneous to dismiss those claims with

---

[6] *See, e.g., Kelly v. N.Y.S. Unified Court Sys.*, No. 21-1633, 2022 WL 1210665, at *1-2 (2d Cir. Apr. 25, 2022) (affirming district court's granting of motion to dismiss pro se plaintiff's complaint against state court system based on sovereign immunity under Fed. R. Civ. P. 12(b)(1)); *Mamot v. Board of Regents*, 367 F. App'x 191, 192-93 (2d Cir. 2010) ("As agencies of the State of New York, these defendants are all entitled to immunity under the Eleventh Amendment, and the district court lacked subject matter jurisdiction over Mamot's claims . . . .Accordingly, the district court properly granted defendants' motion to dismiss, and we affirm the judgment for the reasons articulated in this order."); *Gasparik v. Stony Brook Univ.*, 296 F. App'x 151 (2d Cir. 2008) ("[W]e find that the District Court properly concluded that it lacked subject matter jurisdiction because SUNY has not consented to be sued in a federal forum and so is immune from suit pursuant to the Eleventh Amendment."); *McGinty v. New York*, 251 F.3d 84, 101 (2d Cir. 2001) ("[W]e are constrained to agree with the district court that it lacked subject matter jurisdiction over plaintiffs' claims because the Eleventh Amendment cloaks all defendants with sovereign immunity.").

prejudice rather than without prejudice."). "Such a dismissal without prejudice offers the added benefit of effectively giving this pro se Plaintiff an opportunity to identify the individual(s) whom he may correctly sue in the proper capacity and/or for the proper relief (albeit in a separate proceeding, because the Court lacks subject-matter jurisdiction over any complaint that may be amended in this proceeding)." *Canfield,* 2025 WL 1288747 at *3. Accordingly, Plaintiff's claims against Defendant New York State Department of Health are dismissed without prejudice but without leave to amend.

With respect to the Albany Med Defendants, courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2), however leave to amend is properly denied when the problem with a claim is substantive, and better pleading will not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, and for the reasons previously stated, Plaintiff's is granted leave to replead against Defendants Albany Medical Center and Albany Med Health System.

## V.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant New York State Department of Health's motion to dismiss the Complaint for lack of subject matter jurisdiction, Dkt. No. 13, is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** as against this Defendant; and it is further

**ORDERED** that Defendants Albany Medical Center and Albany Med Health System's motion to dismiss the Complaint for failure to state a claim, Dkt. No. 12, is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE** as against these Defendants; and it is further

**ORDERED** that Plaintiff is granted leave to amend as against Defendants Albany Medical

Center and Albany Med Health System to the extent authorized in this Memorandum-Decision and Order, and it is further

**ORDERED** that any amended complaint must be filed within thirty days of the date of this Memorandum-Decision and Order, and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within the thirty-day deadline, the Clerk of the Court is respectfully directed to close this case without further order from the Court.

**IT IS SO ORDERED.**

Dated: September 15, 2025

Elizabeth C. Coombe
U.S. District Judge