**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JESSALYN ROSE,

                                 Plaintiff,                  1:24-cv-1040
                                                      (ECC/DJS)

v.

ALBANY MEDICAL CENTER and ALBANY
MED HEALTH SYSTEM,

                                 Defendants.

Patricia Finn, Esq., *for Plaintiff*
Robert F. Manfredo, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Jessalyn Rose brought this diversity action against Albany Medical Center, Albany Med Health System (together, Albany Med), and the New York State Department of Health (NYSDH) alleging claims under the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 290 et seq. By Memorandum-Decision and Order dated September 15, 2025, the Court granted Defendants' motions to dismiss but gave Plaintiff leave to amend as against Albany Med. *See* Dkt. No. 25. Plaintiff filed an Amended Complaint on October 14, 2025. Dkt. No. 26. Presently before the Court is Albany Med's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 30. The motion is fully briefed. Dkt. Nos. 33, 34. For the following reasons, Albany Med's motion is granted.

## I.    BACKGROUND[1]

Plaintiff worked at Albany Med as a registered nurse beginning in 2011 and became Nurse Manager of Post Cardio-Thoracic Surgery in 2018. Dkt. No. 26 ¶ 8. In August 2021, in response to NYSDH emergency regulations mandating vaccination for hospital personnel with patient exposure, Albany Med "announced the implementation of a mandatory COVID-19 vaccination policy, effective October 1, 2021." *Id.* at ¶ 10. In July 2021, Plaintiff requested to defer the vaccine because she was lactating and "per CDC guidance at the time, there was no safety data available for lactating mothers." *Id.* at ¶ 11; *see also* Dkt. No. 1-2 (correspondence from Plaintiff to Albany Med).[2]

Albany Med distributed a medical exemption request form to staff on August 6, 2021 which listed "deferrals for 'pregnancy or lactating women' as valid grounds" for a vaccine deferral. Dkt. No. 26 ¶ 12 (emphasis omitted). Plaintiff's obstetrician "approved a COVID-19 vaccine deferral due to breastfeeding/lactation," and Plaintiff submitted this certification to Albany Med. *Id.* at ¶ 13; *see also* Dkt. No. 1-1 (Albany Med deferral form). On August 24, 2021, Albany Med advised staff that, pursuant to updated NYSDH guidance, "pregnancy and lactation [were] no longer accepted as reasons to decline or to defer the COVID-19 vaccine." Dkt. No. 26 ¶ 16. Plaintiff's request for a deferral was therefore rejected. *Id.* at ¶ 17; *see also* Dkt. No. 1-3 (email from Albany

---

[1] These facts are drawn from the Amended Complaint. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unless otherwise noted, citations to page numbers refer to the pagination generated by the CM/ECF system.

[2] Plaintiff attached three exhibits to the original complaint. *See* Dkt. Nos. 1-1, 1-2, 1-3. Although Plaintiff did not re-attach the exhibits to the Amended Complaint, she expressly references them in her pleading both by content and docket number. Accordingly, and because Albany Med likewise refers to the exhibits without objection, the Court will consider the exhibits as having been incorporated by reference into the Amended Complaint. *See Watkins v. Doe*, No. 9:19-cv-1561 (TJM/TWD), 2020 WL 1846777, at *2 n.2 (N.D.N.Y. Apr. 13, 2020).

Med rejecting Plaintiff's "request for exemption based on pregnancy or lactation"). Plaintiff thus "faced termination on October 1, 2021, and was forced to leave her employment under duress, ending her ten-year nursing career." Dkt. No. 26 at ¶ 20.

The NYSDH emergency regulations at issue required covered entities, such as Albany Med, to "continuously require personnel to be fully vaccinated against COVID-19 . . . absent receipt of an exemption." 10 N.Y.C.R.R. § 2.61(c) (eff. Aug. 26, 2021).[3] The term "personnel" was defined to mean "all persons employed or affiliated with a covered entity" who "engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." *Id.* § 2.61(a)(2). An individual was exempt from the vaccination requirement if "any licensed physician or certified nurse practitioner certifie[d] that immunization with COVID-19 vaccine [wa]s detrimental to the [personnel member's] health," but "only until such immunization [wa]s found no longer to be detrimental to such personnel member's health." *Id.* § 2.61(d). Further, the "nature and duration" of the exemption had to be "in accordance with generally accepted medical standards." *Id.*

On August 23, 2021, the NYSDH issued a document titled "Guidance: COVID-19 Vaccination Guidance for People who are Pregnant, Lactating, or Planning to Become Pregnant." Dkt. No. 34-2.[4] This document noted that "COVID-19 vaccines should be offered to lactating

---

[3] This regulation has since been repealed.

[4] *Also available at* https://coronavirus.health.ny.gov/covid-19-vaccination-people-who-are-pregnant-lactating-or-planning-become-pregnant. The Court takes judicial notice of this public NYSDH guidance document. *See, e.g.*, *Soos v. Cuomo*, 470 F. Supp. 3d 268, 274 n.3 (N.D.N.Y. 2020) (taking judicial notice of information contained on NYSDH's official website). Albany Med also submitted a NYSDH document entitled "Frequently Asked Questions (FAQs) Regarding the Prevention of COVID-19 Transmission by Covered Entities Emergency Regulation." Dkt. No. 34-3. The Court declines to consider this undated document in resolving Albany Med's motion because it appears to post-date the time period relevant to Plaintiff's claims. *See id.* at 2 (referring to an amendment that "was effective on January 21, 2022").

individuals similar to non-lactating individuals" and that pregnancy "alone" was not a "valid 'health condition' upon which to base a medical exemption" to the vaccination requirement. *Id.* at 4-5.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    DISCUSSION

The Amended Complaint asserts three causes of action against Albany Med for: (1) disability discrimination in violation of NYSHRL § 296(1)(a); (2) failure to accommodate in violation of NYSHRL § 296(3)(a); and (3) "emotional distress and pain and suffering." Dkt. No. 26 ¶¶ 51-77. Albany Med moves to dismiss the Amended Complaint in its entirety for failure to state a claim.

### A.    Failure to Accommodate

Albany Med moves to dismiss Plaintiff's failure to accommodate claim, arguing that (1) any accommodation allowing Plaintiff to continue working as a nurse without being vaccinated would have required Albany Med to violate New York law; (2) Plaintiff does not allege that she

4

requested alternative accommodations, such as temporary unpaid leave; and (3) Albany Med had no obligation to engage in a personalized, interactive process to find a reasonable accommodation. Dkt. No. 30-1 at 16-20. Plaintiff responds that she was not required to request any particular accommodation by name and that Albany Med failed to engage in a good-faith interactive process once on notice of Plaintiff's condition. Dkt. No. 33 at 11-18.

The NYSHRL makes it an "unlawful discriminatory practice for an employer . . . to refuse to provide reasonable accommodations to the known disabilities, or pregnancy-related conditions, of an employee . . . in connection with a job or occupation sought or held." N.Y. Exec. Law § 296(3)(a); *see id.* § 292(21-f) (defining "pregnancy-related condition" to include "lactation" and providing that "pregnancy-related conditions shall be treated as temporary disabilities for the purposes of [the NYSHRL]"). To state a claim for failure to accommodate under the NYSHRL, a plaintiff must allege that: (1) the employee "is a person with a disability under the meaning of the [NYSHRL]; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, [the employee] could perform the essential functions of the job at issue; and (4) the employer has refused to make accommodations." *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (citation omitted).[5]

However, "[n]ot every disability covered by the Human Rights Law will require the consideration of reasonable accommodations. Only those disabilities which actually impede, as a matter of fact, the individual in performing the job will give rise to a consideration of accommodation." 9 N.Y.C.R.R. § 466.11(c)(3). Here, the Court concludes that Plaintiff has not

---

[5] "New York State disability discrimination claims are governed by the same legal standards as federal ADA claims," although the Second Circuit has left open the possibility that "'the term disability is more broadly defined' under the NYSHRL than it is under the current ADA." *Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 26 (2d Cir. 2014) (summary order) (citation omitted).

plausibly alleged that her temporary disability in fact impeded her ability to perform her job such that a reasonable accommodation was required or needed to be considered. Plaintiff does not allege that her lactation was a contraindication to receiving the COVID-19 vaccine, and the NYSDH guidance in effect at the time stated that women who were lactating could receive any of the three authorized COVID-19 vaccines and should be offered the vaccine "similar to non-lactating individuals." Dkt. No. 34-2 at 2, 4.

Although Plaintiff alleges that her obstetrician "approved a COVID-19 vaccine deferral" and stated that "vaccination during lactation lacked sufficient safety data and recommend[ed] deferral until weaning," Dkt. No. 26 ¶ 13,[6] she does not allege that her obstetrician determined that her condition was a recognized contraindication to receiving the vaccine. *Cf. Jeter v. Mount Sinai Health Sys.*, No. 23-cv-7889, 2026 WL 818735, at *7 n.6 (S.D.N.Y. Mar. 25, 2026) (dismissing ADA claim where physician determined the plaintiff had a "necessary request for accommodation" and the vaccination "would further complicate and destabilize her health condition" where the plaintiff did not allege "that the physician determined that her conditions were contraindications for the COVID-19 vaccine"); *see also Goolsby v. City of New York*, 236 A.D.3d 404, 405 (1st Dep't 2025) (holding that trial court properly dismissed the plaintiff's failure to accommodate claim because he "failed to demonstrate a nexus between the alleged disability . . . and the need for an exemption from the vaccine mandate, as documentary evidence established that the resultant risk . . . was not a contraindication to vaccination or an approved basis for a temporary medical exemption therefrom"). Because Plaintiff has not alleged a nexus between her temporary disability

---

[6] The form itself indicates that Plaintiff's physician merely checked the "[p]regnancy or lactating women" option on Albany Med's deferral form and indicated that Plaintiff would receive the vaccination "when no longer breastfeeding." Dkt. No. 1-1.

and her alleged need for an accommodation to perform her job, the Amended Complaint does not state a claim for failure to accommodate.

### B.    Disability Discrimination

To establish a claim for disability discrimination under the NYSHRL, a plaintiff must show that "(1) the defendant is a covered employer; (2) the plaintiff suffered from, or was regarded as suffering from, a disability within the meaning of the statute; (3) the plaintiff was qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (4) she suffered an adverse employment action because of her disability or perceived disability." *Crosby v. Stew Leonard's Yonkers LLC*, 695 F. Supp. 3d 551, 566-67 (S.D.N.Y. 2023) (citations omitted). Defendant argues that the Amended Complaint fails to state a disability discrimination claim because Plaintiff was not qualified to perform her job without receiving the vaccine, Plaintiff fails to plausibly allege constructive discharge, and Plaintiff fails to allege any causal connection between her separation and a qualifying disability. Dkt. No. 30-1 at 12-16.

For similar reasons as discussed above, Plaintiff has not alleged that she was qualified to perform the essential functions of the job, either with or without a reasonable accommodation. In 2021, vaccination was "a condition of employment in the healthcare field." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). Plaintiff was therefore not qualified to perform the essential functions of here job as a nurse in 2021 unless she had been vaccinated or exempted. *See Tandian v. State Univ. of N.Y.*, 698 F. Supp. 3d 425, 439 (N.D.N.Y. 2023). Plaintiff alleges that she was not vaccinated and had not been granted an exemption. Although Plaintiff now argues that she would be qualified with a reasonable accommodation such as temporary unpaid leave—an argument which Albany Med fails to address—she fails to allege that her temporary disability *in fact* prevented her from receiving the

COVID-19 vaccination such that an accommodation was required in the first instance. *See Jeter*, 2026 WL 818735, at *7 n.6; *Goolsby*, 236 A.D.3d at 405.

The Amended Complaint also fails to plausibly allege a causal connection between Plaintiff's lactation and termination of employment. *See Papaliberios v. Mount Sinai Health Sys., Inc.*, No. 23-cv-8661, 2025 WL 964114, at *4 (E.D.N.Y. Mar. 31, 2025) (dismissing disability discrimination claim where the allegations in the complaint did not "connect[] the hospital's enforcement of a generally-applicable state law with an intent to discriminate against disabled employees); *Abramov v. Northwell Health Sys.*, No. 22-cv-6687, 2024 WL 4276171, at *11 (E.D.N.Y. Sept. 24, 2024) (dismissing disability discrimination claim where the plaintiff did not allege facts plausibly suggesting that any employment action was taken "based on her alleged disability").

Accordingly, Albany Med's motion to dismiss Plaintiff's disability discrimination claim is granted.[7]

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Albany Med's motion to dismiss, Dkt. No. 30, is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED with prejudice**, and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this action.

---

[7] Albany Med also moves to dismiss Plaintiff's third cause of action, which is for "emotional distress and pain and suffering." Plaintiff "recognizes that emotional distress is appropriately characterized as a category of damages rather than an independent cause of action." Dkt. No. 33 at 21-22. Because the Court dismisses Plaintiff's two substantive causes of action, the third cause of action is also subject to dismissal.

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
Elizabeth C. Coombe
U.S. District Judge

9